Appellant, Jerry Petrowski, appeals the judgment of the Ashtabula County Court of Common Pleas, sentencing him on two counts of assault, R.C. 2903.13; escape, R.C. 2921.34; intimidation, R.C. 2921.03; failure to comply with the order of a police officer, R.C. 2921.331; and criminal damaging, R.C. 2909.06.
At approximately 1:00 a.m., on March 12, 1998, Ashtabula County Sheriff's Deputy Joe Niemi arrived at the residence of appellant and his wife, Victoria Petrowski ("Vicky"), to investigate a report of domestic violence. Upon Deputy Niemi's arrival, Vicky, whose face and head were bloody, ran out to his cruiser and told him that her husband had assaulted her. When Deputy Niemi told appellant that he was under arrest for domestic violence, appellant assaulted him and attempted to flee in his truck while dragging the deputy. Responding to Deputy Niemi's call for back-up, Deputy Hazeltine and Deputy Hubbard arrived on the scene. The three deputies were able to subdue appellant and place him into the back of Deputy Hazeltine's police cruiser. While sitting in the cruiser, appellant kicked the passenger door window and damaged it.
On April 8, 1998, appellant was indicted by the Ashtabula County Grand Jury.
After the State presented its case, appellant moved for acquittal pursuant to Crim.R. 29. The trial court granted appellant's motion as to the charge involving intimidation of a witness, and dismissed that count. The trial court also reduced Count One from felonious assault to assault and reduced Count Seven from vandalism to criminal damaging. The jury returned a verdict of guilty on two counts of assault, one count of escape, one count of intimidation, one count of failure to comply with signal of a police officer, and one count of criminal damaging. Appellant asserts the following assignments of error:
 "[1.] The trial court erred to the prejudice of appellant when it allowed Attorney Thomas C. Brown to continue to represent the appellant when the trial court knew or should have known of Attorney Brown's conflict of interest in representing the appellant.
 "[2.] The appellant was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 "[3.] The appellant did not receive a fair trial due to prosecutorial misconduct.
 "[4.] The trial court erred to the prejudice of the appellant when it failed to grant appellant's motion for a mistrial.
 "[5.] The trial court erred to the prejudice of the appellant when it failed to grant appellant's motion to appoint a special prosecutor in this matter."
 I.
In his first assignment of error, appellant alleges that the trial court erred by allowing his trial counsel, Attorney Thomas Brown, ("Brown") to continue to represent him when it knew or should have known that Brown had a possible conflict of interest. Appellant contends that the trial court had an affirmative duty to inquire whether Brown's representation of Vicky Petrowski, the victim of the assault for which appellant was convicted, constituted a conflict of interest.
On September 3, 1998, the State filed a motion to disqualify Brown from representing appellant, arguing that he was representing both appellant and Vicky in the instant matter. According to the State's motion, Vicky was subpoened as a witness for the State and refused to talk to the assistant prosecuting attorney without Brown being present. At a hearing held on the matter, Vicky testified that Brown was not her attorney and that she told the prosecutor that Brown needed to be present only because she did not want to speak to the prosecutor. On September 11, 1998, the trial court overruled the State's motion to disqualify Brown as counsel for appellant, concluding that there was insufficient evidence to show that he was acting as attorney for Vicky in appellant's case.
During appellant's trial, the trial court again determined that Brown was not representing Vicky Petrowski in this case. At appellant's trial, Vicky was called as the court's witness and both the State and appellant's counsel were given the opportunity to cross-examine her. During the State's cross-examination, Vicky asked for an attorney and told the court that she did not have one. The State then asked her whether Brown was her attorney, Brown objected, and the following side bar conference was held:
 "Mr. Brown: Your Honor, this witness has specifically requested an attorney, and I'm concerned about this Court raising her right to independent legal counsel.
 "The State is well aware subsequent to this incident and absolutely unrelated to my client, Mrs. Victoria Petrowski was recently indicted on very serious criminal charges which resulted in an immediate investigation by FBI agents regarding misconduct.
"The Court: Who's representing her in that?
 "Mr. Brown: I appeared on her behalf at the arraignment of her felony indictment. I have properly asserted her rights in that unrelated case and I continue to do so. The obvious and apparent conflict or problem has resulted in a great deal of confusion, and the understanding by Victoria Petrowski in these circumstances puts me in a position of being concerned about her rights and what that may cause. She properly answered, `no,' as I have advised this Court earlier, that I am not her attorney in this case.
 "The Court: But you're here representing her in another case. And she said the reason she wants an attorney is because other than your counseling she's not said anything to anyone else. She's not wanted to invoke her privilege of self-incrimination.
 "Mr. Brown: Judge, if I may, I have, several weeks ago, when we had the hearings in February, I had discussions with Victoria. I corresponded her rights and indicated that she had several alternatives as to what to do in this case. I have not had any discussions with her since. I know I can firmly tell this Court that based upon my experience of her, she has only a third or fourth grade level of understanding and comprehension of education. Vickie Petrowski clearly did not understand the advice that I gave her. I have no idea what, if any advice, she has had since then. Her request for an attorney now is something that I have explained, that she always had a right to and that this Court will honor that request. But because this witness did not mention her right to not incriminate is a violation of this witness' rights, and I ask the Court to inquire of her, out of the Jury's hearing, for the proper determination of her understanding and desires about legal representation and continuing this testimony. Thank you, Your Honor.
 "The Court: I'll overrule your request and go right ahead. You are overruled."
At that point, the trial court instructed the jury that Brown was not representing Vicky Petrowski in the proceedings.
In State v. Gillard (1992), 64 Ohio St.3d 304, 595 N.E.2d 878, the Supreme Court of Ohio addressed the duty of a trial court to determine whether an attorney's representation of a criminal defendant may constitute a conflict of interest. The court held that:
 "Where a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists. The duty to inquire arises not only from the general principles of fundamental fairness, but from the principle that where there is a right to counsel, there is a correlative right to representation free from conflicts of interest." Id. at syllabus.
The Supreme Court of Ohio further stated, "[w]here a trial court breaches its affirmative duty to inquire, a criminal defendant's rights to counsel and to a fair trial are impermissibly imperiled and prejudice or `adverse affect' will be presumed." Id. at 311-312.
In the instant case, we cannot conclude that appellant was deprived of a fair trial due to his counsel's alleged conflict of interest. The trial court repeatedly ruled that Attorney Brown was not representing both appellant and his wife in the case against appellant. A review of the record demonstrates that the presumption of prejudice discussed inGillard has been overcome in this case. That Attorney Brown was representing Vicky Petrowski in an unrelated criminal matter did not prejudice appellant. In fact, Attorney Brown's relationship with Vicky may have helped appellant in that Vicky refused to cooperate with the State in its effort to prosecute her husband and did not testify as a State's witness at trial. Appellant's first assignment of error has no merit.
 II.
In his second assignment of error, appellant alleges that he was denied the effective assistance of counsel in violation of the Sixth andFourteenth Amendments to the United States Constitution and Article I, Section 10, Ohio Constitution. Appellant contends that his counsel's conflict of interest coupled with his lack of preparation for trial constitutes ineffective assistance of counsel.
In order to establish a claim for ineffective assistance of counsel, appellant must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. A court need not address the performance component if the issue is resolved by addressing the prejudice requirement. Id. at 697. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
Any deficient performance attributable to appellant's trial counsel cannot be considered prejudicial because appellant has not demonstrated that there is a reasonable probability that the result of his trial would have been different if his defense had been prepared differently. The record in this case includes overwhelming evidence that appellant committed the offenses for which he was convicted; therefore, we cannot conclude that appellant received ineffective assistance of counsel. Appellant's second assignment of error has no merit.
 III.
In his third assignment of error, appellant alleges that he did not receive a fair trial due to prosecutorial misconduct. Appellant contends that the prosecutor's failure to raise the issue of Attorney's Brown potential conflict of interest in the instant case deprived him of a fair trial. Having previously concluded that appellant was not prejudiced by any potential conflict of interest on the part of Attorney Brown, we cannot conclude that appellant did not receive a fair trial due the prosecutor's failure to file a motion raising the issue that Attorney Brown was representing Vicky Petrowski in an unrelated criminal matter while he was defending appellant. Appellant's third assignment of error has no merit.
 IV.
In his fourth assignment of error, appellant alleges that the trial court erred when it failed to grant his motion for a mistrial. Appellant contends that a mistrial should have been declared due to the State's failure to provide exculpatory evidence to defense counsel. Appellant claims that the State withheld two pictures that depicted him with his eyes closed, which defense counsel could have used to impeach Officer Niemi's testimony that pepper spray had not been used on appellant.
"Mistrial[s] need be declared only when the ends of justice so require and a fair trial is no longer possible. (Citations omitted.)" State v.Franklin (1991), 62 Ohio St.3d 118, 127, 580 N.E.2d 1. A review of the record in this case reveals that the State did not withhold the photographs in question from appellant. On January 13, 1999, three months prior to trial, the State complied with a discovery request from Attorney John Heino, appellant's attorney after he fired Attorney Tom Brown. Photocopies of the pictures in question were included in the State's response to the discovery request. We cannot conclude that the trial court erred by refusing to grant appellant's motion for a mistrial because the State did not withhold any potentially exculpatory evidence from appellant. Appellant's fourth assignment of error has no merit.
 V.
In his fifth assignment of error, appellant alleges that the trial court erred by failing to grant his motion to appoint a special prosecutor for his case. Appellant contends that the trial court had an obligation to appoint a special prosecutor because Ariana Tarighati, Chief Assistant Prosecutor of Ashtabula County, is married to Deputy Joseph Niemi. Deputy Niemi is the officer who was called to the Petrowski home on the night of the incident in question and was allegedly assaulted by appellant. Appellant asserts that the Ashtabula County Prosecutor's Office could not conduct an objective prosecution because one of their fellow employees is married to a victim of an assault allegedly committed by appellant.
R.C. 2941.63, which governs the appointment of special prosecutors, provides:
 "The court of common pleas, or the court of appeals, whenever it is of the opinion that the public interest requires it, may appoint an attorney to assist the prosecuting attorney in the trial of a case pending in such court."
 We agree with the Eighth Appellate District's discussion of when a trial court should appoint a special prosecutor to replace an entire prosecutor's office. In State v. Vidu (July 23, 1998), Cuyahoga App. No. 71703 71704, unreported, the court held that the disqualification of an entire prosecutor's office should only be issued when a criminal defendant demonstrates actual prejudice.
In the instant case, appellant has not demonstrated any actual prejudice. Ms. Tarighati did not participate in the trial of appellant. Furthermore, appellant has not presented any evidence that the Ashtabula County prosecutors who tried the case against appellant were prejudicially biased against him because of their relationship with Ms. Tarighati. We cannot conclude that the trial court abused its discretion by refusing to appoint a special prosecutor to appellant's case. Appellant's fifth assignment of error has no merit.
For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
 _________________________________ JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment.
FORD, P.J., CHRISTLEY, J., concur.